**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MICHAEL A. FARRIS, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00320-O** |
| | § | |
| **U.S. BANK, N.A.,** *et al.,* | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion for Reconsideration that Plaintiff Michael A. Farris, Jr filed on March 20, 2026 (ECF No. 12) and Response that Nationstar Mortgage LLC ("Nationstar") and U.S. Bank, N.A. ("U.S. Bank"), (collectively "Defendants") filed on March 27, 2026 (ECF No. 14). On March 20, 2025, Chief United States District Judge Reed O'Connor referred the Motion to the undersigned for hearing, if necessary, and final determination. ECF No. 13. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** the Motion (ECF No. 12).

**I.      BACKGROUND**

Farris brought this case in the 236th Judicial District Court of Tarrant County, Texas, "seek[ing] to avoid previously completed foreclosure and [to] halt eviction proceedings and writ of possession." ECF No. 1-2 at 2. On March 4, 2026, that court entered a temporary restraining order ("TRO") restraining further proceedings and eviction of Farris from the property at issue until March 11, 2026. ECF No. 1 at 2. On March 17, 2026, Defendants removed the case to this Court. *Id.* at 1.

On March 18, 2026, Farris moved for a TRO under Federal Rule of Civil Procedure 65(b), preliminary injunction under Rule 65(a), and remand of the case to state court, alleging removal was improper. On March 20, 2026, the Court denied Farris' Motion and found that all requested relief was improper. Farris now brings the present Motion (ECF No. 12), requesting the Court to reconsider its denial (ECF No. 11) of his prior Motion to Remand (ECF No. 5).

## II.     LEGAL STANDARD

Title 28 U.S.C. § 1441(a) permits the removal of any civil action brought in state court of which the district courts of the United States have original jurisdiction. Defendants removed this case based on diversity of citizenship under 28 U.S.C. § 1332. ECF No. 1 at 2-4. A district court can properly exercise jurisdiction on diversity of citizenship only if: (1) the parties are of completely diverse citizenship; and (2) the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1441(a). After the defendant removes a case to federal court, the case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Wells Fargo Bank, N.A. v. Adams*, No. 3:13-CV-1353-O, 2013 WL 3829494, at *2 (N.D. Tex. July 24, 2013) (citing 28 U.S.C. § 1447(c)).

"When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed." *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). And "[a]s the party seeking removal, [the removing defendan[t] bear[s] the burden of proving" both complete diversity and that the amount in controversy requirement is met. *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 85 (5th Cir. 2013).

> A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Accordingly, "allegations regarding the citizenship of a corporation must set out the principal place of business of the

corporation as well as the state of its incorporation." *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985). In contrast, "the citizenship of a[n] LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). So, to establish diversity jurisdiction, a party "must specifically allege the citizenship of every member of every LLC." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017).

*MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

## III.    ANALYSIS

The Court originally found that the Defendants' Response sufficiently established that the Court has diversity jurisdiction over this matter. ECF No. 11 at 1. In Farris' first Motion (ECF No. 5), he argued Defendants did not accurately identify the members of Nationstar and did not "trace the ownership structure through all intermediate entities to ultimate members whose citizenship can be determined." ECF No. 5 at 5. He also alleged that he is a Texas resident, and because the corporate structure of Nationstar ultimately traces to a Texas corporation, diversity jurisdiction is lacking. *Id.* The Court rejected these arguments and found diversity jurisdiction was present. ECF No. 11 at 1.

### A.    Motion for reconsideration standard under Rule 54(b)

"The Federal Rules do not recognize a 'motion for reconsideration' in *haec verba*." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). "However, courts do rule on motions for reconsideration under Rules 54(b), 59, and 60. A request that the court reconsider an interlocutory order falls under Rule 54(b)." *U.S. Bank Nat. Ass'n v. Verizon Commc'ns Inc.*, No. 3:10-cv-1842-G, 2012 WL 3034707, at *1 (N.D. Tex. July 25, 2012) (cleaned up).

Farris asks the Court to reconsider its previous denial (ECF No. 11) of his motion to remand (ECF No. 5). "[A]n order denying a motion to remand is an interlocutory order, and a motion to reconsider such an order is governed by Federal Rule of Civil Procedure 54(b)." *Mehar Holdings,*

3

*LLC v. Evanston Ins. Co.*, No. 5:16-cv-491-DAE, 2016 WL 5957681, at *2 (W.D. Tex. Oct. 14, 2016).

Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, 'whether to grant . . . a motion [to reconsider] rests within the discretion of the court.'" *U.S. Bank Nat. Ass'n*, 2012 WL 3034707, at *2 (citing *Dos Santos v. Bell Helicopter Textron, Inc. District*, 651 F.Supp.2d 550, 553 (N.D. Tex. 2009)).

"[T]hough the standard for evaluating a motion to reconsider under Rule 54(b) would appear to be less exacting than that imposed by Rules 59 and 60 . . . considerations similar to those under Rules 59 and 60 inform the Courts analysis." *Id.* (cleaned up). "Under these two rules, '[m]otions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (citing *Arrieta v. Yellow Transp., Inc.*, No. 3:05-cv-2271-D, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009)). Additionally, "such motions are *not* the proper vehicles for rehashing old arguments or raising new arguments that could have been presented earlier[,] the court expects litigants to advance their strongest case the first time the court considers the matter." *Id.* (emphasis in original) (cleaned up). And "[a] motion for reconsideration does not support old arguments that are reconfigured." *Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada, AFL-CIO, Local 198*, 495 F. Supp. 3d 392, 396 (M.D. La. 2020).

However, while Courts applying Rule 54(b) are informed by analysis under Rules 59 and 60, the Fifth Circuit has made clear that Rule 54(b) is "more flexible" as to motions for

reconsideration. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 337 (5th Cir. 2017). And a "trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere*, 910 F.2d at 185.

### B.    Exercising the Court's discretion under Rule 54(b)

#### 1.    Farris' first argument is unsuccessful.

In the pending Motion, Farris asks the Court to reconsider its denial of his first Motion. As in the first Motion, Farris does not contest that the amount in controversy exceeds $75,000.00. Instead, he raises the same argument he made previously. *Compare* ECF No. 5 at 5 ("Notice of Removal does not . . . identify the members of Nationstar Mortgage, LLC, nor does it trace the ownership structure through all intermediate entities to ultimate members whose citizenship can be determined"), *with* ECF No. 12 at 2 ("Defendants have failed to properly allege the citizenship of the ultimate corporate owner of Defendant Nationstar.").

The Court already rejected this argument when it found diversity jurisdiction was present. ECF No. 11. Farris provides no basis in fact or law for the Court to find that this decision was erroneous and should be reconsidered. And he provides no newly discovered evidence to support his argument. A motion for reconsideration under Rule 54(b) is not a proper vehicle to rehash already rejected arguments. Therefore, Farris' first argument is unavailing.

#### 2.    Farris' second argument is unsuccessful.

Farris next argues that Defendants' information regarding corporate ownership in their Response (ECF No. 9) to his first Motion (ECF No. 5) was also insufficient to establish diversity jurisdiction. ECF No. 12 at 2. He contends that because Nationstar claimed it merged with Rocket Mortgage LLC ("Rocket"), and the pleading provides no information regarding the citizenship of the LLC's members, Nationstar's jurisdictional pleadings remain deficient. *Id.* However, the Court

is satisfied with the information provided in Defendants' Response (ECF No. 14) stating that Rocket has three members, all of which are Michigan or Delaware citizens. Therefore, Rocket is a citizen of Delaware and Michigan for diversity jurisdiction purposes. *See* ECF No. 14 at 6. As a result, Farris' second argument fails.

### 3.   Farris' third argument is unsuccessful.

Next, Farris asserts that U.S. Bank did not properly plead its citizenship as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2007-AR2 ("Greenpoint Trust") because it omitted facts to establish its citizenship applied to its role as trustee. ECF No. 12 at 2. Farris cites *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 356 (5th Cir. 2017), to claim that U.S. Bank had to "plead that [its] control over the assets is real and substantial." ECF No. 12 at 3.

When "a trustee is named as a defendant in a lawsuit . . . its citizenship is determinative for purposes of diversity jurisdiction if its control over the trust's assets is real and substantial." *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Commercial Mortgage Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 940 (5th Cir. 2018) (citing *Bynane*, 866 F.3d at 356). In contrast, when a "real estate investment trust [is] sued in its own name, [Courts do not] apply the rule [] that a federal court looks only at the trustee's citizenship." *Id.*

The "rule still controls when the trustee is a national banking association" like U.S. Bank. *Id.* Here, U.S. Bank serves as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, and Farris names it as a Defendant in that capacity. *See* ECF No. 9 at 1; ECF No, 1 at 6. Therefore, U.S. Bank "possesses the sort of 'real and substantial' control over the trust's assets to make it more than just a nominal party." *Id.* (holding that U.S. Bank, as a trustee of

mortgage pass-through certificates possess[ed] sufficient control to make its citizenship determinative for purposes of diversity jurisdiction.). As a result, this argument also is unpersuasive.

## IV.   CONCLUSION

Under Rule 54(b), the Court in its discretion may revise before the entry of a judgment any order or other decision that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. Fed. R. Civ. P. 54(b). Here, the Court denied Farris' first Motion to Remand (ECF No. 5) and found that diversity jurisdiction existed. ECF No. 11. In his present Motion (ECF No. 12), Farris identifies no errors of law or fact and presents no newly discovered evidence to warrant reconsideration of the Court's denial. Instead, he merely "rehash[es] old arguments" and repackages his reasoning from his previously rejected Motion. *U.S. Bank Nat. Ass'n*, 2012 WL 3034707, at *2. Farris identifies no sufficient reason for the Court to reverse its prior decision. *Lavespere*, 910 F.2d at 185. The undersigned therefore **RECOMMENDS** that Chief Judge O'Connor exercise his sound discretion under Rule 54(b) and **DENY** Farris' Motion for Reconsideration (ECF No. 12).

**SIGNED** on April 13, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

7